## VAN BUSKIRK v. DAUGHERTY.

1. **Jury:** CONDUCT OF: INTOXICATING LIQUOR. The drinking of two glasses of beer by a juror pending trial, after adjournment of the court, and eleven hours before another session, was *held* not to vitiate the verdict.

*Appeal from Monroe District Court.*

WEDNESDAY, SEPTEMBER 20.

IN this case, a verdict having been returned for plaintiff, the defendant moved to set it aside and grant a new trial, upon

the ground of the misconduct of a juror in drinking intoxicating liquor during the progress of the trial. In support of the motion the defendant introduced the affidavit of Michael Miller, that he, on the night of the 26th of November, after court had adjourned, and during the progress of the trial of this case, but before it was submitted to the jury, went with Milton Richardson, a juror in this case, to a beer saloon, and treated him to two glasses of lager beer, which he took and drank.

The plaintiff filed the affidavit of J. M. Richardson, in substance as follows: I was one of the jurors who tried the case of *James G. Van Buskirk v. Thomas Daugherty*, and am the person referred to in the affidavit of Michael Miller. On the evening of the 26th of November, 1875, while I was serving as a juror in said case, I met Michael Miller on the sidewalk, in company with the defendant. Miller asked me, in the presence and hearing of the defendant, if I would not take something to drink? I told him that I would not then; I told him that I would take nothing unless beer and some oysters; it was then about ten o'clock at night, long after the court had adjourned for that day; Miller left the defendant, and he and I went around to Henry Rau's oyster and beer saloon; in going to the saloon Miller again asked me if I would not drink something, and when we went into the saloon he called for two glasses of beer, for which he paid the price; I called for two dishes of fresh oysters, and the bill therefor; he ate one dish and I the other; I drank one glass of beer; in the meantime Miller declined to drink his glass, although called out by him, and proposed that I should drink it; I did so, and this is the way I happened to drink two glasses; it was eleven hours after I drank this beer before the trial of the case was again resumed, and I was not in anywise under its influence when the trial was resumed the next day; when Miller invited me to drink something the defendant made no objection, and he saw Miller and me start to the saloon; Michael Miller was one of the defendant's principal and most important witnesses, and, from his own testimony, he had taken quite an active interest in the defendant's behalf in the

case; the trial was not concluded and the verdict rendered until two o'clock A. M.; the 29th of November, and I never heard of the defendant or Miller making known the circumstances of the drinking of the beer, until the affidavits were filed in this case for a new trial; Miller said to me, on leaving the saloon, "remember I am your friend, and James Daugherty is a friend to both;" I said, "shut up, and go to your boarding-house," and left him.

The plaintiff also introduced the affidavit of T. B. Perry, that Michael Miller was a juror at the September term, 1875, of the Circuit Court, and the court then charged the jury, of which he was a member, not to partake of intoxicating liquor of any kind, as it would have the effect to vitiate the verdict.

The court overruled the motion for a new trial, and rendered judgment for plaintiff. The defendant appeals,

*Dashiell & Andrews*, for appellant.

*Perry & Townsend*, for appellee.

DAY, J.—Appellant, for the reversal of this case, relies upon *State v. Baldy*, 17 Iowa, 43; and *Ryan v. Harrow*, 27 Id., 500. This case does not fall fully within the doctrine of either of those. In *State v. Baldy*, after the jury had retired in charge of the bailiff to consider of their verdict, one of them was permitted to separate from his fellows, and he went to a grocery store and drank a glass of ale or lager beer, and then returned with the bailiff to the jury room. In *Ryan v. Harrow*, the motion to set aside the verdict was based upon the ground that certain of the jury drank intoxicating liquors and were intoxicated, while deliberating upon their verdict. In both these cases, the liquor was drunk after the causes were submitted to the jury. The respective jurors, immediately after partaking of the liquors, engaged in the consideration of the cases. In this case, the juror in question drank two glasses of beer, after the adjournment of the court for the day, before the final submission of the cause, and eleven hours before the trial of the cause was resumed. It is apparent that we must go much beyond the doctrine of the two cases

relied upon, before we can hold that this verdict should be disturbed because of the conduct of the juror. We think these cases carry the doctrine to the verge, and beyond them we do not feel willing to go.

The court did not err in refusing to grant a new trial.

AFFIRMED.